IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAZARO MARES,

    Plaintiff,

v.                                                                                        No. 15-cv-0413 SMV

CAROLYN W. COLVIN,
Acting Commissioner of Social Security Administration,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] ("Motion"), filed on January 5, 2016. The Commissioner responded on April 7, 2016. [Doc. 23]. Plaintiff replied on April 21, 2016. [Doc. 24]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 9]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds no error in the Appeals Council's refusal to consider the assessments of counselor Schwope. However, the administrative law judge ("ALJ") failed to apply the correct legal standards in evaluating Dr. Zeiser's opinion, and there is not substantial evidence to support her one stated reason for rejecting the opinion. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision[1] is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214; *Doyal*, 331 F.3d at 760. The decision "is not based on substantial evidence if it is overwhelmed

---

[1] A court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 416.1481. The Tenth Circuit, however, has held that in some situations, a court must consider evidence beyond that which was before the ALJ. *See Martinez v. Barnhart*, 444 F.3d 1201, 1207−08 (10th Cir. 2006); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). Pursuant to 20 C.F.R. § 416.1470(b), any new and material evidence that relates to the period on or before the date of the ALJ's decision shall be considered by the Appeals Council in determining whether to review the ALJ's decision. If the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision. *O'Dell*, 44 F.3d at 858. Because a court reviews the final decision based on "the record as a whole," it will consider the evidence that was before the ALJ as well as the new and material evidence that was before the Appeals Council. *Id.* (citing *Castellano v. Sec'y of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994)). A court reviews the Commissioner's decision, which is the ALJ's decision and not the Appeals Council's denial of review. *See id.* Considering all of the evidence in the administrative record, a court decides whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Maes*, 522 F.3d at 1096. Accordingly, here, the Court reviews the ALJ's decision considering the entire record, including the evidence added to the record by the Appeals Council. *See* Tr. 365–72, 840–63.

by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214.  While a court may not re-weigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

"The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted).

### Applicable Law and Sequential Evaluation Process

In order to qualify for disability benefits, a claimant must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. § 416.905(a).

In light of this definition for disability, a five-step sequential evaluation process has been established for evaluating a disability claim.  20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant has the burden to

show that: (1) he is not engaged in "substantial gainful activity"; *and* (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* either (3) his impairment(s) either meet or equal one of the "Listings"[2] of presumptively disabling impairments; *or* (4) he is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

## Procedural Background

Plaintiff applied for supplemental security income on January 18, 2011. Tr. 122. He alleged a disability-onset date of October 13, 2010. *Id.* His claims were denied initially and on reconsideration. *Id.* Plaintiff requested a hearing before an ALJ. *Id.* ALJ Ann Farris held a hearing on July 30, 2013, in Albuquerque, New Mexico. *Id.* Plaintiff appeared in person with his attorney. Tr. 122, 146. The ALJ heard testimony from Plaintiff and from an impartial vocational expert, Pamela Bowman. Tr. 122, 144–73.

The ALJ issued her unfavorable decision on September 13, 2013. Tr. 131. At step one, she found that Plaintiff had not engaged in substantial gainful activity since the date of application. Tr. 124. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, she found that Plaintiff suffered from the following severe impairments: "obesity, asthma, mild degenerative changes [at]

---

[2] 20 C.F.R. pt. 404, subpt. P, app. 1.

T12−L1 with mild scoliosis[.]" Tr. 124–25.  She further found that the following impairments did not qualify as severe at step two:  diabetes mellitus, gastroesophageal reflux disease, diverticulosis, abdominal pain, back pain, and depression.  *Id.*  At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 126.

Because none of Plaintiff's impairments met or medically equaled a Listing, the ALJ went on to assess Plaintiff's RFC.  Tr. 126–29.  The ALJ found that "[Plaintiff] has the [RFC] to perform sedentary work as defined in 20 [C.F.R. §] 416.967(a) except [Plaintiff] can occasionally climb, and must avoid more than moderate levels of pulmonary irritants."  Tr. 126. At step four, the ALJ found that Plaintiff had no past relevant work.  Tr. 129.  At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE, Plaintiff could perform work that exists in significant numbers in the national economy.  Tr. 129–30.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and she denied the claim. Tr. 130–31.

After the ALJ denied the claim, Plaintiff submitted additional evidence to the Appeals Council.  Tr. 1–2.  The Appeals Council accepted certain evidence, which pre-dated the ALJ's decision, and made it part of the record.  Tr. 1–2, 5, 365–72, 840–63.  Nevertheless, the Appeals Council found that it "[did] not provide a basis for changing the [ALJ]'s decision."  Tr. 2.  The evidence that post-dated the ALJ's decision was not made part of the record.  Tr. 2, 7–103.  The Appeals Council found that the "new information [was] about a later time[, and therefore did]

5

not affect the [ALJ's decision]." Tr. 2.  Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on March 31, 2015.  Tr. 1−5.  Plaintiff timely filed the instant action on May 14, 2015.  [Doc. 1].

## Analysis

Plaintiff fails to show that the Appeals Council erred in failing to consider certain evidence that post-dated the ALJ's decision.  *See* Tr. 99–103.  However, the ALJ failed to apply the correct legal standard in evaluating the opinion of Plaintiff's treating physician, Dr. Zeiser, and the ALJ's one stated reason for rejecting Dr. Zeiser's opinions is not supported by substantial evidence.  Therefore, the case will be remanded.  The Court will not address the other errors alleged by Plaintiff at this time because they may be made moot by proper evaluation of Dr. Zeiser's opinion.

### I.   Plaintiff fails to meet his burden to show that the records at issue qualify as chronologically pertinent.

Plaintiff submitted evidence to the Appeals Council that post-dated the ALJ's decision.[3] Tr. 2, 7–103.  The evidence comprised: (1) four assessments of Plaintiff's functional limitations, all completed by counselor Jason Schwope on May 9, 2014, and (2) certain treatment notes, which were not from counselor Schwope.  Tr. 7–103.  The Appeals Council found that none of the evidence was chronologically pertinent and, therefore, did not consider it.  Tr. 2 ("This new information is about a later time.  Therefore, it does not affect the decision about whether you

---

[3] Plaintiff also submitted evidence to the Appeals Council that pre-dated the ALJ's September 13, 2013 decision. Tr. 1–2, 5, 365–72, 840–63.  The Appeals Council accepted the evidence, added it to the record, considered it, and summarily determined that it "[did] not provide a basis for changing the [ALJ's unfavorable] decision."  Tr. 2. There is no dispute about the evidence that pre-dates the ALJ's decision.

were disabled beginning on or before September 13, 2013."). Plaintiff challenges this determination and argues that the Appeals Council should have considered counselor Schwope's assessments because they were new, material, and chronologically pertinent.[4] [Doc. 17] at 12–16.

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should be considered only if it is new, material, and chronologically pertinent. 20 C.F.R. § 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and material "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks omitted). Evidence is chronologically pertinent if it relates to the time period adjudicated by the ALJ. *Chambers*, 389 F.3d at 1142 (Evidence is chronologically pertinent if it is "related to the period on or before the date of the ALJ's decision."). If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Threet*, 353 F.3d at 1191. However, if the evidence submitted to the Appeals Council does not meet all three requirements, then the Appeals Council does not consider it, and it "plays no role in judicial review." *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011).

---

[4] Plaintiff makes no argument about the treatment records that were also rejected by the Appeals Council. *See* [Doc. 17]. The treatment records are not from counselor Schwope. *See* Tr. 7–98. Because Plaintiff does not allege any error regarding the treatment notes, the Court need not address them further.

Plaintiff argues that the Appeals Council erred in declining to consider the four functional assessments (comprised of five pages total) completed by mental health counselor Jason Schwope. [Doc. 16] at 12–16. All four assessments are dated May 9, 2014. Tr. 99–103. The first is a "Medical Assessment of Ability to do Work-Related Activities (Mental). Tr. 99−100. That form explicitly indicates that counselor Schwope assessed Plaintiff's functional abilities "from a year prior to [his] initial visit to current examination." Tr. 99. None of the other three forms indicates that it is retroactive; only the first form does. *Compare* Tr. 99–100 (first form), *with* Tr. 101–03 (other three forms). All of the four check-box-style forms reflect Plaintiff's mental limitations. Tr. 99–103. Counselor Schwope's assessed limitations were more restrictive than those found by the ALJ. *Compare id.* (Schwope's assessments), *with* Tr. 126 (ALJ's RFC assessment). The first form indicates that, in addition to the mental restrictions already reflected on the form, Plaintiff's "physical pain and limitations [also] significantly [a]ffect his mental abilities." Tr. 100.

Plaintiff argues that the functional assessments from counselor Schwope, Tr. 99–103, qualify as "new" because they "did not reach ALJ Farris prior to her decision." [Doc. 17] at 14. The Commissioner does not dispute that the assessments qualify as "new." *See* [Doc. 23] at 16−18.

Plaintiff next argues that counselor Schwope's assessments are "material" because they "raise[] a question as to whether ALJ Farris's decision was supported by substantial evidence." [Doc. 17] at 14. The Commissioner argues that counselor Schwope's assessments would not

8

have changed the outcome of the case, even if they had been considered, because they were unreliable.[5]  [Doc. 23] at 16–17.

Finally, Plaintiff argues that the functional assessments from counselor Schwope are "chronologically pertinent" because they "relate[] to a one-year period of time preceding May 9, 2014."  [Doc. 17] at 15.  The Commissioner disagrees because the assessments post-date the ALJ's decision by nearly eight months.  [Doc. 23] at 16.

In *Padilla v. Colvin*, the Tenth Circuit Court of Appeals did not require evidence newly submitted to the Appeals Council to pre-date the ALJ's decision in order to qualify as chronologically pertinent.  525 F. App'x 710, 712 n.1 (10th Cir. 2013).  Rather, the court focused on whether the new evidence was pertinent to the issues that had been before the ALJ. *See id.* The court found, in pertinent part:

> [T]he psychological report corroborates an anxiety diagnosis reported by [the plaintiff's] treating doctor, . . . prior to the hearing, as well as [the plaintiff's] hearing testimony. Meanwhile, his intellectual functioning evaluation relates to and augments [the treating doctor's] earlier report that he could not read or write. As to the audiological report, [the plaintiff] identifies the fact that he testified about his hearing loss during the hearing before the ALJ.

*Id.* In *Chambers*, 389 F.3d at 1142–44, the Tenth Circuit evaluated the "chronologically pertinent" question in a similar way.  The court held that medical records dated after the ALJ's

---

[5] For example, she points out that there is no evidence that counselor Schwope ever treated or even examined Plaintiff on or before the date of the ALJ's decision (September 13, 2013).  *Id.*  Thus, there would be no basis to believe that counselor Schwope "had enough knowledge of Plaintiff's functioning to submit a retroactive opinion." *Id.* at 17.  Moreover, she argues, the evidence that *is* contained in the record is inconsistent with counselor Schwope's assessments.  *Id.*  She argues that as a mental health counselor, Schwope "was not qualified" to opine as to the functional effects of Plaintiff's pain.  *Id.*  Finally, she argues that to the extent that counselor Schwope alluded to Plaintiff's abdominal pain, such pain was not the result of a "medically determinable impairment" and, therefore, could not sustain Plaintiff's claim for benefits.  *Id.* at 17–18 (citing 20 C.F.R. § 416.929(a)–(b)).

decision (one day and two months, respectively) were not too temporally remote to be chronologically pertinent. *Id.* Even though temporal remoteness alone did not necessarily disqualify the records, the court found that the records were not related to the adjudication period because they represented the first indication of a condition never-before presented to the ALJ. *Id.* The court similarly held that a record dated five months after the ALJ's decision was too temporally remote *where it suggested a condition that had never been presented before*. *Id.*

Here, Plaintiff fails to meet his burden (as the movant) before this Court to show that counselor Schwope's assessments of Plaintiff's functional limitations are chronologically pertinent. *See* § 1470(b). The assessments were not completed on or before the date of the ALJ's decision. The Court disagrees with Defendant that the assessments are not chronologically pertinent merely because they were completed after the adjudication period. *See* [Doc. 23] at 16. *Padilla* and *Chambers* make clear that the date that the assessment is completed does not necessarily control. The question is not when the assessment forms were completed; the question is whether the assessment forms relate to the time period at issue before the ALJ. Here, counselor Schwope's assessment forms were completed nearly eight months after the ALJ issued her decision. Considering how temporally remote the assessments are from the adjudication period, Plaintiff must establish in some other way (besides the date) that the assessment forms relate to the adjudication period. On de novo review, the Court finds that he fails to do so.

Plaintiff attempts to show that the assessments are temporally relevant by their express indication that they are retroactive. [Doc. 17] at 15. The problem is that only one form

indicates that it is retroactive to the time period at issue. *See* Tr. 99–100. The others do not purport to be retroactive. *See* Tr. 101−103.

As he must, Plaintiff also attempts to show that Schwope's assessments are chronologically pertinent by showing that they are related to the issues that were before the ALJ. The one purportedly retroactive form includes the word "mental" in the title and was completed by a mental health counselor. Tr. 99–100. The ALJ addressed Plaintiff's depression. *See* Tr. 125. However, that is the extent of the connection between Schwope's assessments and the issues before the ALJ. The Court is not persuaded that counselor Schwope's retroactive form is related to the issues before the ALJ (e.g., depression). The form *may* express functional limitations resulting from Plaintiff's depression (an issue that was before the ALJ), but it also may express limitations resulting from Plaintiff's anxiety (an issue that does not appear to have been before the ALJ).

Counselor Schwope also completed non-retroactive forms. Tr. 101–03. One was entitled "12.04 Affective Disorders," which could cover depression, but he also completed a form entitled "12.06 Anxiety-Related Disorders," which does not cover depression. The fact that counselor Schwope completed an anxiety-related assessment suggests that the retroactive form may be based on anxiety, an issue that does not appear to have been before the ALJ. In fact, Plaintiff affirmatively argues that counselor Schwope's assessments were based, in part, on Plaintiff's anxiety. [Doc. 24] at 3. However, Plaintiff does not argue that anxiety was before the *ALJ*.

The only connection between any of Schwope's assessments and the time period at issue before the ALJ appears to be that they are both related to Plaintiff's mental health, but nothing more specific. That connection is too attenuated. The assessments were completed nearly eight months after the date of the ALJ's decision. Only one of the forms even purports to be retroactive to the relevant time period. Plaintiff offers only a conclusory connection between counselor Schwope's assessments and the impairments that were before the ALJ. *See* [Doc. 24] at 2–3. The Court finds nothing in the record (or in the evidence rejected by the Appeals Council) that sufficiently suggests that Schwope's assessments were related to the time period or issues before the ALJ.[6] Therefore, on de novo review, the Court finds that Plaintiff fails to show that Schwope's assessments are chronologically pertinent under 20 C.F.R. § 416.1470(b) and, thus, fails to show that counselor Schwope's assessments should have been considered by the Appeals Council.

### II. Remand is necessary for application of the correct legal standard to Dr. Zeiser's opinions and because substantial evidence does not support the ALJ's one reason for rejecting Dr. Zeiser's opinions.

Plaintiff contends that the ALJ erred by failing to apply the correct legal standard in evaluating the medical opinions of Plaintiff's primary care physician, Kent H. Zeiser, M.D. [Doc. 17] at 16–19. The Commissioner disagrees and argues that the ALJ properly gave the opinions "little weight." [Doc. 23] at 8–13. Applying the deferential substantial-evidence

---

[6] For example, none of counselor Schwope's forms describes any basis for his opinions. Tr. 99–103. Neither counselor Schwope's forms themselves nor any other portion of the record, nor any evidence submitted by Plaintiff, nor any argument of Plaintiff sheds any light on Schwope's relationship with Plaintiff (i.e., how many times he had met with Plaintiff), whether Schwope had seen any of Plaintiff's medical records, or what impairment(s) Schwope believed Plaintiff had. There is almost nothing connecting Schwope's assessments to the time period at issue before the ALJ.

12

standard and on the same records as was before the Appeals Council, *see* n.1, *infra.*, the Court finds that Plaintiff is correct; the ALJ failed to apply the correct legal standards in evaluating Dr. Zeiser's opinions. Additionally, substantial evidence does not support the ALJ's one stated reason for rejecting Dr. Zeiser's opinions. Remand is warranted.

Social Security regulations require that, in determining disability, the opinions of treating physicians be given controlling weight when those opinions are well-supported by the medical evidence and are consistent with the record. 20 C.F.R. § 416.927(c)(2). This is known as the "treating physician rule." *Langley*, 373 F.3d at 1119. The idea is that a treating physician provides a "unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations," and therefore, a treating physician's opinion merits controlling weight. *Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).

In order to receive controlling weight, treating physician opinions must be both supported by medical evidence and consistent with the record. If not, the opinions may not merit controlling weight but still must be given deference and weighed using the following six factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003); *see* 20 C.F.R. § 416.927(c). However, not every factor is applicable in every case, nor should all six factors be seen as absolutely necessary. What is absolutely necessary, though, is that the ALJ give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight she ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119; *see* 20 C.F.R. § 416.927(c)(2); *Branum v. Barnhart*, 385 F.3d 1268, 1275 (10th Cir. 2004).

In sum, when properly rejecting a treating physician's opinion, an ALJ must follow two distinct steps. First, the ALJ must find that the opinion is not supported by medical evidence and/or is not consistent with the record. Second, the ALJ must still give deference to the opinion and weigh it according to the factors listed above. Like all findings, an ALJ's findings in these two steps must be supported by substantial evidence.

In this case, the ALJ found that Dr. Zeiser had treated Plaintiff for at least nine months. Tr. 128. She very briefly summarized Dr. Zeiser's treatment notes, and she also described his opinions about Plaintiff's functional limitations. *Id.* (citing Tr. 553–623). The *entirety* of her findings as to Dr. Zeiser's opinions is as follows:

> I have considered Dr. Zeiser's opinion, and I give it little weight due to his opinion being based on the claimant history and not by [sic] examination or independent judgment.

*Id.* There is no other portion of the ALJ's decision that could be interpreted as findings on Dr. Zeiser's opinions. *See* Tr. 122–31. This one sentence is all there is.

14

a.  The ALJ failed to apply the correct legal standards in evaluating Dr. Zeiser's opinions.

Defendant concedes that the ALJ made no explicit step-one finding. [Doc. 23] at 9. However, she argues that the step-one finding can be inferred, and therefore, the error is harmless. *Id.* She explains that because the ALJ clearly did not assign controlling weight to Dr. Zeiser's opinions (she expressly gave them "little weight"), the Court may infer that the ALJ also found that Dr. Zeiser's opinions were "not well-supported by medically acceptable clinical and laboratory diagnostic techniques[.]" *Id.* She cites to *Mays* and *Zumwalt* for the proposition that an ALJ's failure to specify the amount of weight assigned to a treating opinion is not reversible error as long as the court can easily discern whether the ALJ gave it controlling weight. *Id.* at 9–10 (citing *Mays v. Colvin*, 739 F.3d 569, 575 (10th Cir. 2014) and *Zumwalt v. Astrue*, 220 F. App'x 770, 781 (10th Cir. 2007)). The Court is not persuaded.

Plaintiff correctly points out that the error here is not the ALJ's failure to specify the *amount* of weight she assigned to the opinions. [Doc. 24] at 5. After all, the ALJ expressly gave Dr. Zeiser's opinions "little weight." Tr. 128. The error here is the ALJ's failure to follow the treating physician rule to explain why the opinions did not merit controlling weight. The further error is the ALJ's failure to apply the *Watkins* factors to determine, in the absence of controlling weight, how much weight the opinions deserved.

Even if the Court were persuaded by Defendant's arguments, there is still no explanation for how the ALJ's one-sentence finding in this case could account for the required, distinct step-one and step-two determinations. *See Krauser*, 638 F.3d at 1330 (reiterating that "[o]ur case law, the applicable regulations, and the Commissioner's pertinent Social Security

Ruling . . . all make clear that in evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct[,]" and thus, reversing and remanding where "the ALJ simply stopped after the first step[.]"); *Watkins v. Barnhart*, 350 F.3d 1297, 1300–01 (10th Cir. 2003) (holding that the treating physician analysis "is sequential," and reversing and remanding where the ALJ failed to complete both steps, and where therefore, meaningful review was not possible); Social Security Ruling 96-2p, 1996 WL 374188, at *4 (explaining the two distinct steps of the treating physician analysis). The ALJ here failed to apply the mandatory two-step analysis in evaluating Dr. Zeiser's opinions.

      b.  The ALJ's one stated reason for rejecting Dr. Zeiser's opinions is not supported by substantial evidence.

The ALJ's finding that Dr. Zeiser's opinions were not based on his own examinations of Plaintiff or his own independent judgment is not supported by substantial evidence. *See* Tr. 128. Defendant is correct that on the "physical" assessment form, Dr. Zeiser attributed several of his assessed limitations to "patient history."[7] Tr. 623. However, it is unreasonable to interpret Dr. Zeiser's notations of "patient history" to mean that his report reflected nothing more than dictation of Plaintiff's subjective complaints. *See* [Doc. 23] at 10. Defendant offers examples from Dr. Zeiser's treatment notes, which she argues establish that his assessed limitations could not have been based on his treatment history with Plaintiff. [Doc. 23] at 10−12. Thus, Defendant concludes that the "patient history" notations must mean that Dr. Zeiser was merely transcribing Plaintiff's own self-assessments. *Id.* The Court is not

---

[7] The "non-physical" form does not refer to "patient history." Tr. 622.

persuaded. To the extent that the "patient history" notations could possibly support the Commissioner's interpretation, those notations—at best—constitute a mere scintilla of evidence. Substantial evidence does not support the ALJ's finding that Dr. Zeiser's opinions were not based on his own examinations of Plaintiff or on his own independent judgment. Remand is warranted for re-evaluation of Dr. Zeiser's opinions.

## Conclusion

Plaintiff fails to show that the assessments of counselor Schwope are chronologically pertinent. Thus, the Court finds no error in the Appeals Council's failure to consider the assessments. However, the ALJ failed to apply the correct legal standards in evaluating the opinions of Dr. Zeiser, and her one reason for rejecting his opinions is not supported by substantial evidence. Because proper consideration of Dr. Zeiser's opinions may make moot the other errors alleged by Plaintiff, the Court need not address them at this time.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for a Rehearing with Supporting Memorandum [Doc. 17] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**